IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **GREGORIO GODINES RODRIGUEZ** | § § | |
| **Petitioner,** | § § | |
| v. | § § | Civil No. L - 05 - CV – 149 |
| | § § | Criminal No. L – 03-CR-1384 |
| **UNITED STATES OF AMERICA,** | § § | |
| **Respondent.** | § | |

## OPINION

Petitioner has filed a §2255 motion attacking his 2004 conviction for illegal entry after deportation. Petitioner was sentenced on January 1, 2004. That same day, Petitioner filed a Notice of Appeal.[1] On August 18, 2004 the Fifth Circuit issued an opinion affirming the judgment of this Court. Petitioner filed a *writ of certiorari* with the United States Supreme Court that was denied on December 8, 2004.

Petitioner now contends that his trial counsel was ineffective in failing to object to a sentence enhancement for a prior aggravated felony. Petitioner relies on the Supreme Court decision in *United States v. Booker,* 125 S. Ct 738 (2005) for this contention. Petitioner's invocation of *Booker* is without merit. Petitioner's sentence became final on December 8, 2004. *Booker* was issued on January 12, 2005 and it is not retroactive. *In re Elwood,* 408 F.3d 211 (5th Cir. 2005). Accordingly, *Booker* does not afford any relief to this Petitioner. Additionally, Petitioner contends that the constitutional question in *Almendarez-Torres v. United States*, 523

---

[1] Petitioner contends among other things that his trial counsel was ineffective because he failed to file a timely notice of appeal and did not inform him of his right to appellate review. However the record indicates the contrary. Petitioner's counsel diligently filed a timely notice of appeal with the Court and subsequently filed a direct appeal with the Fifth Circuit. Furthermore, when Petitioner's direct appeal was denied, Defendant's counsel also petitioned the Supreme Court for a *writ of certiorari*.

U.S. 224 (1998) has been called into question by subsequent decisions of this Court. However, only the United States Supreme Court can overrule that decision and it has not done so. Unless and until it does, that decision remains binding on this Court.

    Petitioner's motion is without merit and is hereby DIMISSED.

    Done this <u>11</u> day of August, 2005 in Laredo, Texas.

                                      Micaela Alvarez
                         UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**